Aldo A. Badini (SBN: 257086)
abadini@winston.com
Alexandra McTague (SBN: 290664)
amctague@winston.com
James C. Lin (SBN: 271673)
jalin@winston.com
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, California 94025-4004
Telephone:     (650) 858-6500
Facsimile:      (650) 858-6550

Attorneys for Defendants
GREENFLIGHT VENTURE
CORPORATION AND JEFFREY ISAACS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITEPAGES, INC., a Delaware corporation, | **Case No. 3:16-cv-00175-RS** <br> **3:16-cv-01837-RS** |
| Plaintiff, | |
| v. | **INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| GREENFLIGHT VENTURE CORPORATION, a Florida company, JEFFREY ISAACS, an individual, | Date:  June 23, 2016 <br> Time:  10:00 AM <br> Place: Courtroom 3, 17th Floor |
| Defendants. | |
| GREENFLIGHT VENTURE CORPORATION, a Florida company, JEFFREY ISAACS, an individual, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| WHITEPAGES, INC., a Delaware corporation, | |
| Counterclaim-Defendant. | |
| GREENFLIGHT VENTURE CORPORATION, a Florida company, JEFFREY ISAACS, an individual, | |
| Plaintiffs, | |

INITIAL JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER - CASE NOS. 3:16-CV-00175-RS & 3:16-CV-01837-RS

vs.

TRUE SOFTWARE SCANDINAVIA AB,

      Defendant.

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Clerk's Notice Re: Case Management dated May 2, 2016 (ECF No. 44), Plaintiff and Counterclaim-Defendant Whitepages, Inc. ("Whitepages"), Defendants, Counterclaim-Plaintiffs, and Plaintiffs Greenflight Venture Corporation ("Greenflight Venture") and Jeffrey Isaacs (together, "Greenflight"), and Defendant True Software Scandinavia AB ("True Software") jointly submit this Joint Case Management Statement.

1. **Jurisdiction and Service**

The Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§1331 and 1338(a) because it arises under the patent laws of the United States. The parties do not contest personal jurisdiction for the purposes of this action. No parties remain to be served. Whitepages has represented that it recently spun part of its business into a new entity called, Hiya Inc., so Greenflight anticipates the need to bring Hiya into the case.

2. **Facts**

   a. **Whitepages' Statement of Facts**

Whitepages previously offered its Whitepages Caller ID mobile app (the "Whitepages App"), which allows users to block calls, detect spam, and ID incoming calls, to iPhone and Android users through the Apple App Store and the Google Play store. As part of a recent spinoff, the accused Whitepages App was transferred to a newly-formed entity, Hiya. Counsel for Whitepages and Greenflight have conferred and agree that Hiya should be added as a party to this case. Counsel for the parties are discussing the best approach to achieve that result.

The parties' dispute arose when Greenflight submitted a written complaint and a follow-up email to Apple accusing the Whitepages Caller ID app of infringing United States Patent No. 8,861,698 (the "'698 patent"), entitled "Post-Page Caller Name Identification System" in August 2015. Whitepages does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '698 patent. In particular, Whitepages denies that the Whitepages App meets at least the following limitations of the '698 patent: "SS7 interfacing node," "direct interface," and "directly querying." *See also* Am. Comp. (Dkt. No. 17) at ¶¶ 15-17

1 (describing the preliminary basis for Whitepages' non-infringement position). Prior to filing the complaint, Whitepages informed Greenflight that it could not infringe any limitations requiring an "SS7 interfacing node" because the accused Whitepages App had no such feature. Greenflight responded the SS7 node was a "trivial" limitation and that claim 1 of the '698 patent did *not* require a node employing SS7 protocols. Beyond the claim language, during prosecution, the patentee specifically disclaimed a method that did not include direct interfacing with an SS7 network. *See id.* at ¶ 16 (describing disclaimer in August 17, 2014 patent owner response).

Whitepages filed its complaint for declaratory judgment of non-infringement of the '698 patent on January 11, 2016. On January 14, 2016, Greenflight filed suit in the United States District Court for the Southern District of Florida against Whitepages, True Software Scandinavia AB, and Whitepages' CEO Alex Algard, alleging infringement of the '698 patent. *See* S.D. Fla. Case No. 9:16:80079-RLR ("the S.D. Fla. Action"). On March 4, 2016, Greenflight stipulated to dismissal of Whitepages and Alex Algard from the S.D. Fla. action. On March 9, 2016, Whitepages filed an amended complaint, which Defendants answered on March 28, 2016, asserting counterclaims for direct infringement of at least claim 1 of the '698 patent and induced or contributory infringement of at least claims 1 and 5 of the '698 patent. Whitepages answered the counterclaims and asserted numerous affirmative defenses. Whitepages subsequently filed a motion for judgment on the pleadings.

### b. Greenflight's Statement of Facts

Defendant Greenflight Venture Corporation and Jeffrey Isaacs counterclaim for patent infringement. Greenflight is a Florida Corporation that operates an application, or "app," called "Caller-ID" on the Apple iTunes App Store and Google Play. Jeffrey Isaacs is an individual and is CEO of Greenflight Venture Corporation and inventor of the asserted patent. Greenflight asserts U.S. Patent No. 8,861,698 ("'698 Patent"), entitled "Post-Page Caller Name Identification System," against Whitepages and True Software. The '698 Patent is currently in full force and effect and is entitled to a presumption of validity under the law. The '698 Patent describes and claims a novel convergence of two telephone network related technologies, namely SS7 Caller Name ID ("CNAM"), and internet based reverse telephone number search.

1  Whitepages operates an app on the Apple iTunes App Store called "ID BY WHITEPAGES,"
2  which on information and belief, is now released as "Whitepages ID," and an app on Google Play
3  called "Whitepages Caller ID & Block" (collectively, "Accused Products").  While counsel for
4  Whitepages asserted to Greenflight that Whitepages purportedly does not infringe the '698 Patent, to
5  date, it has not provided Greenflight with any evidence to support that assertion.  Whitepages has
6  directly infringed at least Claim 1 of the '698 patent, and contributorily infringed and induced others
7  to infringe at least Claims 1 and 5 of the '698 Patent by making, having made, importing, using,
8  offering for sale, and/or selling the Accused Products, including the "ID by WhitePages" app, and by
9  performing, implementing, and carrying out, processes and methods with respect to the Accused
10 Products, including the "ID by WhitePages" app, in violation of 35 U.S.C. §§ 271(a), (b) and (c).
11 Similarly, True Software offers a mobile app called Truecaller which enables users to engage in
12 post-page reverse phone number queries, which is accused of directly infringing Claim 1  and
13 indirectly infringement Claims 1 and 5 of the '698 patent.  Like Whitepages, True Software contends
14 it does not infringe, but also like Whitepages, it has failed to provide any evidence to support that
15 assertion. Greenflight believes, based on the type and nature of results returned for reverse phone
16 lookups by the accused apps, that both Whitepages and True Software infringe.

17  Recently, counsel for Whitepages represented to Greenflight that a new entity related to
18 Whitepages, Hiya Inc., is operating the Accused Products.  In such case, Greenflight maintains that
19 Hiya is infringing for the same reasons set forth above with respect to Whitepages.

20  **c.  True Software's Statement of Facts**

21  True Software offers its Truecaller mobile app (the "Truecaller App"), which allows users to
22 block calls, detect spam, and ID incoming calls, to iPhone and Android users through the Apple App
23 Store and the Google Play store.  The parties' dispute arose when Mr. Jeffrey Isaacs sent a cease and
24 desist letter on December 18, 2015 to True Software alleging infringement of the '698 patent. True
25 Software responded on January 14, 2016, providing proof that True Software does not practice at
26 least two claim elements in all independent claims of the '698 patent: (1) an SS7 interfacing node
27 and (2) interacting with a carrier database. Isaacs and Greenflight responded by filing a complaint
28 for infringement of the '698 patent against True Software in the United States District Court for the

Southern District of Florida. The parties then moved to transfer this case to the United States District Court for the Northern District of California, and the court granted that motion on April 8, 2016. Dkt. No. 25-1. A month later Greenflight filed an Amended Complaint. Dkt. No. 47. True Software filed its answer on May 31, 2016. Dkt. No. 50. And contrary to Greenflight's suggestion, True Software has provided ample evidence of non-infringement, both in its letter dated January 14, 2016, and its Rule 11 notice letter dated June 1, 2016.

True Software does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '698 patent. In particular, True Software denies that the Truecaller App meets at least the following limitations of the '698 patent: "an SS7 interfacing node," "connecting to the PSTN via an SS7 interfacing node," a "function serving as a direct interface between the called party's query and the calling party carrier's respective CNAM database," and "directly querying the calling party carrier CNAM database."

### 3. Factual and Legal Issues in Dispute

The parties anticipate that the following factual and legal issues will be in dispute:

- the proper construction of the asserted claims of the '698 patent;
- whether Whitepages infringes any valid, asserted claim of the '698 patent, directly or indirectly or has induced any such infringement;
- whether True Software infringes any valid, asserted claim of the '698 patent, directly or indirectly or has induced any such infringement;
- whether the patent-in-suit is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, United States Code, or the rules, regulations and law related thereto;
- whether the patent-in-suit is enforceable;
- whether Greenflight's claims are barred by prosecution history estoppel, statutory limitations on damages, laches, waiver, estoppel, a failure to provide notice, a failure to mark, and/or a failure to state a claim;
- whether Greenflight is entitled to any relief (either through damages or injunction) as a result of any purported infringement of the '698 patent; and

4

- whether this is an exceptional case pursuant to 35 U.S.C. § 285 warranting an award of attorneys' fees and costs to the other side.

### 4. Motions

Whitepages currently has a motion for judgment on the pleadings under § 101 pending. It is fully briefed and scheduled to be heard on July 7, 2016.

Whitepages anticipates seeking an early motion for summary judgment of non-infringement based, *inter alia*, on the purported defects in Defendants' infringement theory identified above.

Greenflight anticipates motion practice regarding claim construction and may file a motion for summary judgment.

True Software anticipates claim construction, summary judgment, and § 101 motion practice.

### 5. Amendment of Pleadings

Greenflight anticipates adding new defendant Hiya to the pleadings and proposes doing so by July 14, 2016. The parties propose September 1, 2016 as the last date to amend a pleading. The parties reserve the right to seek leave to amend pleadings after this date if further information indicates that amendment would be appropriate.

### 6. Evidence Preservation

The parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer. The parties expect to further confer and submit a stipulation regarding ESI in this matter.

### 7. Disclosures

The parties will make the initial disclosures required by the Federal Rules of Civil Procedure fourteen (14) days after the date of the initial Case Management Conference. Hiya will make its initial disclosures fourteen (14) days after it is added to the case.

### 8. Discovery

No discovery has been taken to date.

a. **Limitations or Modifications to the Discovery Rules**

The parties agree that the presumptive limits on discovery as provided in the Federal Rules of Civil Procedure should apply in this case.

b. **Subjects on which Discovery May Be Needed**

Whitepages expects to seek discovery on at least the following subjects from both Defendants and relevant third parties: the timing and nature of Defendants' knowledge of Whitepages and the accused Whitepages App; information pertaining to the proper construction of the asserted claims of the '698 patent; prior art to the '698 patent; the conception, reduction to practice, and prosecution of the '698 patent; and the nature and operation of any of Defendants' products alleged by Defendants to embody or practice any assert claim of the '698 patent.

Greenflight requests discovery on at least the following subjects: (a) the structure, function, and operation of the Accused Products; (b) the sales and marketing of the Accused Products; (c) financial information for the Accused Products; (d) the databases and/or other data sources used in or accessed by the Accused Products, including those provided by third parties; (e) the methods used to query databases and/or other data sources used in or accessed by the Accused Products, including any specific protocols used; (f) the Signaling System No. 7 ("SS7") or Common Channel Signaling System 7 ("CCSS7") protocols; (g) information about customer usage of the Accused Products; and (h) any analysis of Greenflight Venture Corporation's products or the '689 patent; and (i) information relating to the corporate transaction between Whitepages and Hiya relating to any transfer of assets or liabilities that may be relevant to this litigation.

True Software expects to seek discovery on at least the following subjects from Greenflight, Isaacs, and relevant third parties: (a) the timing and nature of Greenflight and Isaacs' knowledge of True Software and the accused Truecaller App; (b) information pertaining to the proper construction of the asserted claims of the '698 patent; (c) prior art to the '698 patent; (d) the conception, reduction to practice, and prosecution of the '698 patent; (e) ownership and assignment history of the '698 patent; (f) potential inequitable conduct committed during prosecution of the '698 patent; (g) the nature and operation of any of Greenflight and Isaacs' products alleged by Greenflight and Issacs' to embody or practice any asserted claim of the '698 patent; (h) information pertaining to Greenflight

1    and Isaacs' marking of any of their products alleged to embody or practice any asserted claim of the
2    '698 patent; (i) any license, sales, purchase, and/or transfer agreements related to the '698 patent
3    and/or products that allegedly embody or practice any asserted claim of the '698 patent; (j)
4    communications between Greenflight, Isaacs, and/or third parties that may contain information
5    relevant to the claims and/or counterclaims; and (k) damages (including any request for an
6    injunction)..

7    The parties anticipate that expert discovery will be necessary in this case. The exchange of
8    expert reports and deposition of experts should follow the completion of fact discovery.

   c. **Timing and Phasing of Discovery**

   **<u>Whitepages' Position</u>**

11   Whitepages believes that the Court can and should resolve this case on the pleadings alone,
12   and find the '698 patent invalid for failure to claim patent-eligible subject matter. However, should
13   the Court deem claim construction necessary, Whitepages believes that the parties' dispute can be
14   resolved through the construction of just three claim terms: "SS7 interfacing node," "direct
15   interface," and "directly querying." The exchange of infringement and invalidity contentions, which
16   can be time consuming and expensive, is unnecessary to construe those claims. Particularly given
17   that the specification amounts to only two pages, Whitepages submits that claim construction can be
18   conducted very efficiently and quickly. Thus, if the Court is not inclined to grant Whitepages'
19   motion for judgment on the pleadings, rather than forcing the parties to expend substantial resources
20   on contentions and discovery prior to resolving the fundamental dispute between the parties
21   concerning claim construction, Whitepages proposes that the Court first address claim
22   construction—on an expedited basis if Greenflight so desires—and then proceed with discovery and
23   contentions if necessary.

24   The need for Whitepages' proposed procedure is demonstrated by Greenflight's conduct to
25   date. In its Counterclaim, Greenflight alleges infringement by Whitepages, and, consistent with its
26   statements in pre-litigation correspondence, effectively reads out the "SS7 interfacing node"
27   limitation of the claims. Specifically, Greenflight alleges that "if name data originally derives from
28   a CNAM database, SS7 compatible protocols were utilized." Counterclaim (Dkt. No. 21) at 8-9

1  ¶ 20. As described by Greenflight, therefore, the limitation requiring "connect[ion] to the PSTN via
2  an SS7 interfacing node" is met so long as the queried database contains CNAM data. *See id.* Given
3  this position, Whitepages filed a motion seeking judgment on the pleadings of invalidity under 35
4  U.S.C. § 101. Dkt. No. 31. Greenflight opposed Whitepages' motion, but in order to do so, it recast
5  its patent in a completely different way than it had in its Counterclaim. It argued that the SS7
6  interfacing node—the same limitation it previously argued could be satisfied by any query of a
7  CNAM database—was a particular type of hardware that performs a specific type of query
8  referenced in the patent. *See* Dkt. No. 36 at 4-5. It argued that the SS7 interfacing node as
9  characterized in its Opposition not only rendered the patent non-abstract, but also that the SS7 query
10 described in the specification was inventive and grounded the claims in eligible subject matter. *See*
11 *id.* at 10-12. This contention contradicted its allegations in the Counterclaim that CNAM SS7
12 queries were so common that they occurred by the millions and were referred to as a "dip." Dkt. No.
13 21 at 9 ¶ 20.

14       Simply put, if the Court were to adopt the interpretation advanced by Greenflight's in its
15 Opposition to Whitepages' motion for Section 101 invalidity, Whitepages cannot infringe the '698
16 patent, and early claim construction and summary judgment could resolve this case with minimal
17 expenditure of resources by the parties and the Court. If, on the other hand, Greenflight is held to
18 the admissions in its Counterclaim (and, as noted in Whitepages' reply brief, even otherwise), the
19 '698 patent is invalid for failure to claim patent-eligible subject matter, and the Court can resolve
20 this case here and now.

21       **Greenflight's Position**

22       Greenflight does not believe there is any reason to deviate from the standard procedure and
23 schedule pursuant to the Patent Local Rules of the U.S. District Court for the Northern District of
24 California in this case. Greenflight is prepared to serve its Initial Disclosures in accordance with
25 Patent L.R. 3-1 and 3-2. Greenflight asserts that Whitepages' and True Software's Accused
26 Products utilize SS7 protocols to access a carrier's CNAM database. To date, Whitepages and True
27 Software have not denied the use of CNAM-derived data in their accused products, nor have they
28 provided any evidence or documentation of their data sources to establish that CNAM-derived data

is not used or accessed via SS7. The Accused Products indicate that the CNAM information is derived from a carrier's CNAM database via SS7. Additional discovery from Whitepages and True Software can confirm the use of SS7 in its Accused Products, which does not require any claim terms in the asserted claims to be construed first.

**True Software's Position**

True Software believes that the parties' dispute can be resolved through an early claim construction hearing. The exchange of infringement and invalidity contentions, which can be time consuming and expensive, is unnecessary to construe the claims in the '698 patent. Rather than forcing the parties to expend substantial resources on contentions and discovery prior to resolving the fundamental dispute between the parties concerning claim construction, True Software proposes that the Court first address claim construction—on an expedited basis if Greenflight so desires—and then proceed with discovery and contentions if necessary. If the Court proceeds with expedited claim construction, True Software believes that the parties should exchange a list of terms for expedited construction at a reasonable time before claim construction briefing is to be filed, rather than list them here.

d. **Privilege Issues**

The parties agree that they need not identify on privilege logs those privileged or work-product documents and any privileged or work-product electronically stored information that came into being after the date this action was filed.

e. **Protection of Confidential Material**

The parties are currently negotiating the terms of a proposed Stipulated Protective Order for the Court's consideration to govern the use and disclosure of confidential materials in this case.

f. **Scope and Timing of Any Claim Construction Discovery**

The parties agree that discovery related to claim construction is necessary. As described in Section 8.C *supra*, Whitepages proposes that other fact discovery be stayed until after the Court's claim construction ruling; Greenflight disagrees with this proposal, and True Software agrees with Whitepages' proposal. Each party's suggested timing for discovery and other dates are set forth below in Section 17.

g. **Claim Construction Hearing and Technology Tutorial**

The parties agree that a technology tutorial would be beneficial to the Court in this case. The parties currently anticipate that the Claim Construction Hearing will take approximately three hours (excluding the time for the parties' respective technology tutorials). The parties propose that the Claim Construction Hearing be conducted on a term-by-term basis rather than on a party-by-party basis, with both parties presenting on a single claim term before moving on to the next term. At this time, the parties do not anticipate live testimony at the Claim Construction Hearing, but reserve the right to change their positions based on the parties' claim construction exchanges or if the Court believes it would be helpful.

9. **Class Actions**

Not applicable in this matter.

10. **Related Cases**

Judge Seeborg issued an Order on May 2, 2016 relating Case No. 3:16-cv-1837, *Greenflight Venture Corporation v. True Software Scandinavia AB*, which involves the same patent.

11. **Relief**

Whitepages seeks (1) a declaration that Whitepages does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any claim of the '698 patent; (2) a declaration that its case against Defendants is an exceptional case within the meaning of 35 U.S.C. § 285; (3) an injunction against Defendants barring Defendants from stating or suggesting that Whitepages infringes the '698 patent; (4) an award of costs and attorneys' fees to Whitepages; and (5) such other and further relief as the Court deems just and reasonable. Whitepages reserves the right to seek further relief in its answer to Greenflight's counterclaim and any amended pleadings.

Greenflight seeks damages and injunctive relief for patent infringement. Greenflight seeks damages sufficient to compensate it for Whitepages' and True Software's alleged infringement, to be calculated by lost profits and/or a reasonable royalty. Greenflight further seeks treble damages under 35 U.S.C. § 284 for alleged willful infringement, prejudgment interest under 35 U.S.C. § 284, and an award of costs and attorneys' fees under 35 U.S.C. § 285 based on a finding that the case is exceptional. Greenflight reserves the right to seek further relief in any amended pleadings.

True Software seeks (1) dismissal of Greenflight and Jeffrey Isaac's Amended Complaint with prejudice; (2) a declaration that True Software does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any claim of the '698 patent; (3) a declaration that the claims of the '698 patent are invalid; (4) a declaration that its case against Greenflight and Jeffrey Isaacs is an exceptional case within the meaning of 35 U.S.C. § 285 and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to True Software; (5) a declaration that Greenflight and Jeffrey Isaacs are not entitled to any injunctive relief against True Software; and (5) a grant of any such other and further relief as the Court deems just and reasonable. True Software reserves the right to seek further relief in any amended pleadings.

### 12. Settlement and ADR

There have been no formal ADR efforts to date, but the parties have met and conferred pursuant to ADR L.R. 3-5 and agreed to private mediation. Additional document production and the Court's construction of disputed claim terms may be necessary to position the parties to negotiate a resolution. The parties agree to complete mediation 45 days after the Claim Construction Order.

### 13. Consent to Magistrate Judge For All Purposes

All parties will <u>not</u> consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

### 14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At this time the parties have not identified any issues that can be narrowed by agreement or motion (other than motions for summary judgment).

### 16. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17. Scheduling

Greenflight proposes the first schedule below, which is consistent with the Local Rules of

this Court. Greenflight disagrees with Whitepages' and True Software's proposed schedules. To the extent that the Court does not enter Whitepages' and True Software's alternative schedule (see alternative schedule titled "Whitepages and True Software Proposed Deadlines"), both Whitepages and True Software request that the invalidity contention deadline in Greenflight's proposed schedule be revised to "75 days after service of Infringement Contentions" rather than the currently listed "45 days after service of Infringement Contentions." Greenflight disagrees with this extension.

| Event | Greenflight Proposed Deadlines |
|---|---|
| Initial Case Management Conference | June 23, 2016 |
| Commencement of Discovery | In accordance with Rule 26 |
| Initial Disclosures under Patent L.R. 3-1, 3-2 (Infringement Contentions) | 14 days after the Initial Case Management Conference |
| Initial Disclosures under Patent L.R. 3-3, 3-4 (Invalidity Contentions) | 45 days after service of Infringement Contentions |
| Exchange of Proposed Terms for Construction under Patent L.R. 4-1 | 14 days after service of Invalidity Contentions |
| Exchange of Preliminary Claim Construction under Patent L.R. 4-2 | 21 days after exchange of Proposed Terms for Construction |
| Joint Claim Construction and Prehearing Statement under Patent L.R. 4-3 | 60 days after service of Invalidity Contentions |
| Complete claim construction discovery (Patent L.R. 4-4) | 30 days after filing Joint Claim Construction and Prehearing Statement |
| Opening Claim Construction Brief | 45 days after filing Joint Claim Construction and Prehearing Statement |
| Responsive Claim Construction Brief | 14 days after filing of Opening Claim Construction Brief |
| Reply Claim Construction Brief | 7 days after filing of Responsive Claim Construction Brief |
| Technology Tutorial | To be set by the Court |
| Claim Construction Hearing | On or after November __, 2016 (i.e., 14 days after filing of Reply Claim Construction Brief) |
| Advice of Counsel (Patent L.R. 3-7) | 50 days after Claim Construction Order |
| Close of Non-Expert | 90 days after Claim Construction Order |

| Event | Greenflight Proposed Deadlines |
|---|---|
| Discovery | |
| Designation of Experts | 90 days after Claim Construction Order |
| Serve Opening Expert Reports | 120 days after Claim Construction Order |
| Serve Supplemental/Rebuttal Expert Reports | 150 days after Claim Construction Order |
| Close of Expert Discovery | 200 days after Claim Construction Order |
| Dispositive Motion and *Daubert* Motion filing deadline | 230 days after Claim Construction Order |
| Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court |

Whitepages and True Software propose the following alternative schedule, which includes an expedited/early claim construction followed by service of contentions:

| Event | Whitepages and True Software Proposed Deadlines |
|---|---|
| Initial Case Management Conference | June 23, 2016 |
| Commencement of Claim Construction Discovery | June 23, 2016 |
| Exchange of Proposed Terms for Construction under Patent L.R. 4-1 | 14 days after entry of Scheduling Order |
| Exchange of Preliminary Claim Construction under Patent L.R. 4-2 | 21 days after exchange of Proposed Terms for Construction |
| Joint Claim Construction and Prehearing Statement under Patent L.R. 4-3 | 14 days after Exchange of Preliminary Claim Construction |
| Complete claim construction discovery (Patent L.R. 4-4) | 30 days after filing Joint Claim Construction and Prehearing Statement |
| Opening Claim Construction Brief | 45 days after filing Joint Claim Construction and Prehearing Statement |
| Responsive Claim Construction Brief | 14 days after filing of Opening Claim Construction Brief |
| Reply Claim Construction Brief | 7 days after filing of Responsive Claim Construction Brief |
| Technology Tutorial | To be set by the Court |
| Claim Construction Hearing | On or after 14 days from filing of Reply Claim Construction Brief) |
| Commencement of Fact | day of Claim Construction Order |

| Event | Whitepages and True Software Proposed Deadlines |
|---|---|
| Discovery Other than Claim Construction Discovery | |
| Initial Disclosures under Patent L.R. 3-1, 3-2 (Infringement Contentions) | 14 days after Claim Construction Order |
| Initial Disclosures under Patent L.R. 3-3, 3-4 (Invalidity Contentions) | 45 days after service of Infringement Contentions |
| Advice of Counsel (Patent L.R. 3-7) | 50 days after Claim Construction Order |
| Close of Non-Expert Discovery | 100 days after service of Invalidity Contentions |
| Designation of Experts | 100 days after service of Invalidity Contentions |
| Serve Opening Expert Reports | 120 days after service of Invalidity Contentions |
| Serve Supplemental/Rebuttal Expert Reports | 150 days after service of Invalidity Contentions |
| Close of Expert Discovery | 200 days after service of Invalidity Contentions |
| Dispositive Motion and *Daubert* Motion filing deadline | 230 days after service of Invalidity Contentions |
| Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court |

### 18.   Trial

These cases will be separately tried to a jury. The expected length of each trial (one for Whitepages and one for True Software) is five to seven court days.

### 19.   Disclosure of Non-party Interested Entities or Persons

The parties have each filed their respective Certification of Interested Entities or Persons. There are no persons, firms, partnerships, corporations (including parent corporations), or other entities known by the parties to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

### 20.   Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

**21.    Other**

None at this time.

| Dated: June 16, 2016 | /s/  Bryan A. Kohm |
|---|---|
| | BRYAN A. KOHM (CSB No. 233276) |
| | bkohm@fenwick.com |
| | |
| | RAVI R. RANGANATH (CSB NO. 272981) |
| | rranganath@fenwick.com |
| | FENWICK & WEST LLP |
| | 555 California Street, 12th Floor |
| | San Francisco, CA  94104 |
| | Telephone:    415.875.2300 |
| | Facsimile:     415.281.1350 |
| | |
| | ELIZABETH B. HAGAN (WSBA No. 46933) |
| | Admitted Pro Hac Vice, ehagan@fenwick.com |
| | FENWICK & WEST LLP |
| | 1191 Second Avenue, 10th Floor |
| | Seattle, WA  98101 |
| | Telephone:    206.389.4510 |
| | Facsimile:     206.389.4511 |
| | |
| | Attorneys for Plaintiff |
| | WHITEPAGES, INC. |
| | |
| Dated: June 16, 2016 | /s/ Aldo A. Badini |
| | Aldo A. Badini |
| | Alexandra McTague |
| | James C. Lin |
| | WINSTON & STRAWN LLP |
| | |
| | Attorneys for Declaratory Judgment Defendants and Counterclaim-Plaintiffs |
| | GREENFLIGHT VENTURE CORPORATION and JEFFREY ISAACS |
| | |
| Dated: June 16, 2016 | /s/ *Ashley N. Moore* |
| | Ashley N. Moore (SBN 24074748) |
| | Admitted *Pro Hac Vice* |
| | amoore@mckoolsmith.com |
| | Warren Lipschitz (SBN 24078867) |
| | Admitted *Pro Hac Vice* |
| | wlipschitz@mckoolsmith.com |
| | Jonathan Powers (SBN 24098277) |
| | Admitted *Pro Hac Vice* |
| | jpowers@mckoolsmith.com |

MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:    (214) 978-4000
Facsimile:    (214) 978-4044

Phillip J. Lee (SBN 263063)
plee@McKoolSmithHennigan.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:    (213) 694-1200
Facsimile:    (213) 694-1234

Attorneys for Defendant
True Software Scandinavia, AB

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

Pursuant to General Order No. 45, § X(B), regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated: June 16, 2016                                     /s/ Aldo A. Badini

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT, RULE 26 REPORT, AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.  [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

                                                JUDGE HON. RICHARD SEEBORG